No. 44,927

THE STATE OF KANSAS, *Appellee,* v. BOBBY GENE BOLIN, *Appellant*

(436 P. 2d 978)

Opinion filed January 27, 1968.

*Arthur H. Snyder,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Richard J. Rome,* County Attorney, argued the cause and *Robert C. Londerholm,* Attorney General, *Raymond F. Berkley,* Assistant County Attorney, and *Patrick L. Dougherty,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: In 1962, defendant Bobby Gene Bolin was convicted in the district court of Reno county of the offense of burglary in the second degree and was sentenced to confinement in the state reformatory. On April 8, 1966 he was granted a full and complete discharge from his sentence and parole. The order of discharge stated that—"all civil rights lost by operation of law upon commitment are hereby restored."

We have a statute in this state—K. S. A. 21-2611—which, as pertinent to the case now before use—reads:

"It shall be unlawful for any person who has previously been convicted in this state or elsewhere of committing . . . , burglary, . . . to own a pistol, or to have or keep a pistol in his possession, or under his control. . . ."

In November 1966 an information was filed in the district court of Reno county which charged that defendant—having previously been convicted in this state of burglary in the second degree—did, on August 3, 1966, own a pistol or have a pistol in his possession or under his control, contrary to K. S. A. 21-2611.

Defendant stood trial and was found guilty by a jury. He appeals from the conviction—and makes two contentions.

It first is contended that defendant—having served his sentence on the burglary conviction and having been discharged from parole and restored to all of his civil rights—is "singled out" by the statute and is deprived of the inalienable natural rights of every other citizen; that all men are possessed of equal rights among which is the right to bear arms for their defense and security, and that no state shall make or enforce any law which shall abridge the privileges or immunities of any citizen—all as guaranteed by sections 1, 4 and 17 of the Bill of Rights of the Kansas constitution and the second and fourteenth amendments to the Federal constitution. In summation—it is argued that the statute (K. S. A. 21-2611) is unconstitutional and should be so declared by this court—and the defendant be discharged.

A somewhat similar contention was made in *Salina v. Blaksley*, 72 Kan. 230, 83 Pac. 619, 115 A. S. 196, 3 Lns 168, 7 A. C. 925. There a defendant was convicted in the police court of the city of Salina of carrying a revolving pistol within the city while under the influence of intoxicating liquor. He appealed to the district court where he was again convicted. On appeal to this court the question presented concerned the constitutionality of a statute which authorized a city council to prohibit and punish the carrying of firearms or other deadly weapons within the city. In that case —as here—section 4 of our Bill of Rights which provides that the people have the right to bear arms for their defense and security —was brought in issue. In disposing of the question it was held that the right guaranteed by the provision is a limitation on legislative power to enact laws prohibiting the bearing of arms in the militia or any other military organization provided for by law, but is not a limitation on legislative power to enact laws prohibiting and punishing the promiscuous carrying of arms or other deadly weapons, and it was said that the provision has reference to the people as a collective body for the safety and security of society— rather than to individual rights. The conviction was upheld.

Generally speaking, of course, it is within the power of the legislature to define what acts shall constitute crimes (21 Am. Jur. 2d, Criminal Law, § 14, p. 95), and it may not be said that enactment of a statute which makes it unlawful for one previously convicted of burglary to own or have or keep a pistol in his possession or

under his control—is beyond the police power of the legislature. The statute (K. S. A. 21-2611) is not invalid on any of the grounds urged—and defendant's contention is without merit.

Defendant's other contention is that in its instructions the trial court failed to define a pistol, and that there was no evidence to establish that the weapon in question was an "operating instrument" and capable of firing a bullet.

Neither of these points is well taken.

K. S. A. 21-2610 defines a pistol as any firearm having a barrel less than twelve inches long—and the jury was so instructed.

The weapon in question was identified as a ".38 Colt" revolver, and had been pawned by defendant at a loan company in Hutchinson as security for a loan of $25. A similar contention was made in *State v. Omo,* 199 Kan. 167, 174, 428 P. 2d 768, and was rejected.

The judgment is affirmed.