No. 24299

Colorado Racing Commission and F. Richard Hite, B. T. Poxson, and Don C. Collins, individually and as members of the Colorado Racing Commission v. Eugene Louis Smaldone
(492 P.2d 619)

Decided January 10, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Harold L. Neufeld, Assistant, James K. Kreutz, Assistant, for plaintiffs in error.

Brenman, Ciancio, Rossman, Baum & Sobol, Melvin Rossman, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The Colorado Racing Commission issued a directive barring the defendant in error and eleven others from all licensed racing facilities in the state. As plaintiff (which he is hereinafter called), the defendant in error sought review under C.R.C.P. 106 in the district court. That court reversed, and ruled as follows: The record did not support the directive; there had been a violation of the plaintiff's constitutional rights; and the Commission had acted in an arbitrary manner and abused its discretion.

The Commission acted under C.R.S. 1963, 129-2-12(1). This statute provides that the Commission may exclude from Colorado race tracks any person who is either "detrimental to the best interests of racing," or who shall violate the racing statute or Commission rules and regulations, or who "shall wilfully violate any law of the United States or the state of Colorado."

It is on this third basis that the Commission relies here, in view of plaintiff's undisputed conviction in 1962 of a federal felony, the interstate transportation of racketeering equipment. Therefore, we do not consider the first two statutory bases for exclusion.

The authority to exclude any person who shall wilfully violate any federal or Colorado law is far too broad to be constitutionally valid. To support a directive of exclusion, the violation must be such that the violator's presence at a race track reasonably could be detrimental to

the best interests of racing. Under this racing statute, the Commission could exclude a person who wilfully violated a minor state traffic law. To act under this portion of the statute is a violation of rights guaranteed by the Fourteenth Amendment and Colo. Const. art. II, § 25.

The cases cited by the Commission in support of its directive emphasize the weakness of this statute. In *Flores v. Los Angeles Turf Club, Inc.,* 55 Cal. 2d 736, 13 Cal. Rptr. 201, 361 P.2d 921 (1961), the statute authorized agency rules excluding persons who were convicted of bookmaking. Similarly, in *Mones v. Austin,* 318 F. Supp. 653 (S.D. Fla. 1970), the statute completely defined the class to be excluded, being all convicted bookmakers. In both cases, members of the defined class were uniformly excluded if the statutory or regulatory standards applied to them. The standard provided here, "because of its vast scope, invites arbitrary enforcement." *Goldman v. Knecht,* 295 F. Supp. 897 (D.C. Colo. 1969).

So far as the record discloses, the Commission had adopted no rules and regulations under this statute. Just as in *Fellhauer v. People,* 167 Colo. 320, 447 P.2d 986 (1968), the statute here under consideration contemplates adoption of rules and regulations by the administrative agency. We do not pass on the question of whether other portions of the statute may validly support exclusion of persons under proper rules and regulations adopted by the Commission. We merely hold that exclusion by reason of violation of "any law" is an unconstitutional deprivation of liberty.

Judgment affirmed.

MR. JUSTICE ERICKSON not participating.