### No. C-164

**The City of Lakewood, a municipal corporation of the State of Colorado v. Charles Edward Pillow**
(501 P.2d 744)

Decided October 10, 1972.

Raymond C. Johnson, for petitioner.

Theodore P. Koeberle, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

On petition of the City of Lakewood, we granted certiorari to review the district court's declaration that a Lakewood ordinance is invalid.

The respondent Pillow was convicted in municipal court of a violation of this ordinance which makes it unlawful to possess a dangerous or deadly weapon. He appealed to the district court which reversed the conviction on the basis of a finding that there was a failure of proof before the municipal court and on the further ground that the ordinance was invalid. The district court's declaration of invalidity was premised on its finding that the subject matter of the

ordinance is a matter of statewide concern and is therefore preempted by a state statute pertaining to the carrying of a concealed weapon. This state statute is 1965 Perm. Supp., C.R.S. 1963, 40-11-1.

■■ We affirm the district court's reversal of the respondent's conviction but do so on the ground that the Lakewood ordinance is unconstitutionally overbroad. It is therefore unnecessary to discuss the failure of proof issue; moreover, this case is not a suitable vehicle for a consideration of the preemption issue. Our decision to resolve this case in this manner was prompted to some degree by statements made by counsel for the City of Lakewood during oral argument. He conceded that the ordinance lacked specificity in certain respects and that a replacing ordinance was in the process of preparation.

The subject Lakewood ordinance is numbered 0-70-47, Sec. 3-9 and is set forth in full as follows:

"*Unlawful to Possess, Carry or Use Dangerous or Deadly Weapons.* (a) It shall be unlawful for any person to have in his possession, except within his own domicile, or to carry or use, a revolver or pistol, shotgun or rifle of any description, which may be used for the explosion of cartridges, or any air gun, gas operated gun or spring gun, or any bow made for the purpose of throwing or projecting missiles of any kind by any means whatsoever; provided that nothing in this section shall prevent use of any such instruments in shooting galleries or ranges under circumstances when such instruments can be fired, discharged or operated in such manner as not to endanger persons or property and also in such manner as to prevent the projectile from traversing any grounds or space outside the limits of such gallery or range; and provided further, that nothing herein contained shall be construed to prevent the carrying of any type of gun, when unloaded, or any bow, to or from any range, gallery or hunting areas. (b) Nothing in this section shall prevent the possession or use of any of said instruments by persons duly licensed for such purpose by the City of Lakewood. (c) Nothing in this section shall prevent the use of or possession of any said instrument

by law enforcement personnel."

An analysis of the foregoing ordinance reveals that it is so general in its scope that it includes within its prohibitions the right to carry on certain businesses and to engage in certain activities which cannot under the police powers be reasonably classified as unlawful and thus, subject to criminal sanctions. As an example, we note that this ordinance would prohibit gunsmiths, pawnbrokers and sporting goods stores from carrying on a substantial part of their business. Also, the ordinance appears to prohibit individuals from transporting guns to and from such places of business. Furthermore, it makes it unlawful for a person to possess a firearm in a vehicle or in a place of business for the purpose of self-defense. Several of these activities are constitutionally protected. Colo. Const. art. II § 13. Depending upon the circumstances, all of these activities and others may be entirely free of any criminal culpability yet the ordinance in question effectively includes them within its prohibitions and is therefore invalid. *Shuttlesworth v. Birmingham,* 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965); *Winters v. New York,* 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948); *People of the City of Detroit v. Sanchez,* 18 Mich. App. 399, 171 N.W.2d 452 (1969).

A governmental purpose to control or prevent certain activities, which may be constitutionally subject to state or municipal regulation under the police power, may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms. *Zwickler v. Koota,* 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); *Aptheker v. Secretary of State,* 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1963); *NAACP v. Alabama,* 377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964). Even though the governmental purpose may be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. *Aptheker v. Secretary of State, supra,* and *Shelton v. Tucker,* 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960). *See also Colorado Racing*

24

*Commission v. Smaldone,* 177 Colo. 33, 492 P.2d 619; *Arnold v. Denver,* 171 Colo. 1, 464 P.2d 515 (1970); and *Goldman v. Knecht,* 295 F. Supp. 897 (D.C. Colo. 1969).
    Judgment affirmed.