**The People of the State of Colorado v. Roy E. Blue**
**No. 26435**
**The People of the State of Colorado v. Stanley Brown**
**No. 26436**
**The People of the State of Colorado v. Benjamin Franklin Ulibarri**

(544 P.2d 385)

Decided December 22, 1975.

96

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, G. Paul McCormick, Deputy, for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendants, all of whom had previous felony convictions, were each charged in the district court in a separate information with possession of guns in violation of 1971 Perm. Supp., C.R.S. 1963, 40-12-108.[1] In each case, prior to trial, a motion to dismiss was filed, alleging that the statute was unconstitutional. It was contended that this statute was unconstitutionally vague, overbroad, and that it violated Article II, Section 13, of the Colorado Constitution.

The motions were consolidated for hearing and the trial court concluded that the statute, though not constitutionally vague, was overbroad and did violate Article II, Section 13, of the Colorado Constitution, which guarantees the right to bear arms. The district attorney has appealed the ruling and the three cases are consolidated here for review.

1971 Perm. Supp., C.R.S. 1963, 40-12-108 provides:

"Possession of weapons by previous offenders. Any person previously convicted of burglary, arson, or a felony involving the use of force or violence or the use of a deadly weapon, or attempt or conspiracy to commit such offenses, under the laws of the United States of America, the state of Colorado, or another state, within the ten years next preceding or within ten years of his release from incarceration, whichever is greater, who shall possess, use, or carry upon his person a firearm or other weapon mentioned in sections 18-1-901(3)(h) or sections 18-12-101 to 18-12-106, commits a class 5 felony. A second or subsequent offense under this section is a class 4 felony."[2]

We affirm the ruling of the district court that the statute is not unconstitutionally vague, and reverse the ruling that the statute is overbroad and violates Article II, Section 13, of the Colorado Constitution. In

---

[1] Now section 18-12-108, C.R.S. 1973. Blue had been convicted of robbery in 1969, and Brown of conspiracy to commit robbery, also in 1969. Ulibarri was convicted of conspiracy to commit burglary in 1971.

[2] In *People v. Trujillo,* 178 Colo. 147, 497 P.2d 1, and *People v. Marques,* 179 Colo. 86, 498 P.2d 929, we upheld the constitutionality of the predecessor statute, C.R.S. 1963, 40-11-10.

our view, defendants have failed to show beyond a reasonable doubt that this statute, which is designed to protect the public health and safety, is unconstitutional. *People v. Summit*, 183 Colo. 421, 517 P.2d 850; *People v. Sneed*, 183 Colo. 96, 514 P.2d 776; *People v. Kogul*, 179 Colo. 394, 501 P.2d 738.

## I.

Defendants here contend that the trial court erred in ruling that the statue was not unconstitutionally vague. We find no error in that determination.

Defendants argue that the statute must fall because many of its crucial terms are so vague that a person of ordinary intelligence would of necessity have to guess or speculate as to their meaning. Cited as unduly vague are the words "involving" and "use of force or violence," and also the time computation section of the statute, reading in part " * * * within the ten years next preceding or within ten years of his release from incarceration, whichever is greater * * *."

We have long held that perhaps the first essential of due process is that a statute state its mandate with reasonable clarity. As we said in *People v. Cardwell*, 181 Colo. 421, 510 P.2d 317, quoting from *Connally v. General Const. Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322:

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law * * *."

*See also People v. Heckard*, 164 Colo. 19, 431 P.2d 1014; *Memorial Trusts v. Beery*, 144 Colo. 448, 356 P.2d 884. At the same time, we recognize that there is a limit on the degree of exactitude that can be required of any statute:

" * * * [F]ew words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line." *Boyce Motor Lines v. United States*, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367. *See Cardwell, Supra.*

Bearing these basic principles in mind, and also the proposition that any statute alleged to be vague must be closely scrutinized, *People v. District Court*, 185 Colo. 78, 521 P.2d 1254, we do not find the statute to be unconstitutionally vague.

■ Defendants assert that "involving," a term not defined in the Colorado Criminal Code, is objectionable. This court, however, has never required that every statutory word or phrase be specifically defined. We have often made reference to standard dictionaries and to the case law to determine the probable legislative intent in using a particular word. "Involve" has been defined as "to have within or as part of itself: contain, include"; "to require as a necessary accompaniment." *Merriam-Webster New International Dictionary* (Third Edition), p.1191. In *People v. Sell,* 96 Cal. App. 2d 521, 215 P.2d 771, the court held that "involved" referred to "being connected with * * * in a natural and logical manner." And this court has itself, in *Croswell v. People,* 74 Colo. 547, 223 P. 51, affirmed a sentence to the penitentiary of a defendant convicted under a statute authorizing committal to the penitentiary for "crimes involving the penalty of imprisonment for life."

■ Additional citation of authority is not required. "Involving" is a common, readily understood word, and whatever imprecision its use may entail does not rise to the level of constitutional infirmity.

■ Defendants also contend that "use of force or violence" is extremely vague, citing as support for this proposition *Markham v. Brainard,* 178 Neb. 544, 134 N.W.2d 84. We do not agree with the holding of the Nebraska Supreme Court. Though this phrase is again not specifically defined by the Colorado Criminal Code, there can be little doubt that most persons would readily comprehend its import. *See Merriam-Webster, supra,* at pp. 887 and 2554. Indeed, our own statutes make frequent use of the word "force." The crime of rape consists of compelling a female to submit by "force." Section 18-3-401, C.R.S. 1973. Likewise, robbery is defined as the taking of anything of value from the person or presence of another by "use of force." Section 18-4-301, C.R.S. 1973. Further, courts in other jurisdictions have affirmed convictions on the basis of statutes making reference to "force and violence" or "force or violence," where these terms were not statutorily defined. *See, e.g., Gillotti v. State,* 135 Wis. 634, 116 N.W. 252; *Spencer v. United States,* 73 D.C. App. 98, 116 F.2d 801.

■ Defendants finally contend that the time computation provision of the statute is too vague. And again we disagree. Speaking to the "void for vagueness" doctrine, the United States Supreme Court in *United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228, stated:

"* * * the fact that Congress might, without difficulty, have chosen 'clearer and more precise language' equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague. *United States v. Petrillo,* 332 U.S. 1,7 (1947)."

Thus, a statute need not be drafted with the greatest possible facility or lucidity of expression if it meets the minimal requirements of due process.

Notwithstanding the fact that the wording of this provision might require more than a quick glance for full comprehension, we find its meaning plain.

■ We therefore reject defendants' contentions as to the asserted vagueness of the statute. We reemphasize that the legislature is not constitutionally required to specifically define the readily comprehensible and every-day terms it uses in statutes. *See Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830; *People v. Garcia,* 189 Colo. 347, 541 P.2d 687. Indeed, one of the virtues of using such terms is that they will be readily understood by the person of ordinary intelligence.

## II.

■ The trial court ruled that the statute is unconstitutioanlly overbroad and hence void as a whole, in that it inhibits persons with previous felony convictions from participating in lawful business endeavors and private activities. We disagree.

The statute incorporates by reference and thus forbids the possession, use, or carrying of the weapons listed in sections 18-1-901(3)(h) and 18-12-101 to 18-12-106, C.R.S. 1973. Defendants cite particularly section 18-12-101(f), which reads:

" 'Knife' means any dagger, dirk, knife, or stiletto with a blade over three and one-half inches in length, or any other dangerous instrument capable of inflicting cutting, stabbing, or tearing wounds * * *."

It is argued that this section, when incorporated into the "felon with a gun statute," has the effect of making it criminal for an ex-felon to cut meat with a table knife, repair his car with a screwdriver, or do any mechanical work involving tools capable of tearing, cutting, or stabbing.

■ The usual rules of standing as developed in Colorado would preclude our finding this statute void as a whole. As a general proposition, no one is entitled to assail the constitutionality of a statute except as he himself is adversely affected. *People v. Stark and Peabody*, 157 Colo. 59, 400 P.2d 923; *Berman v. Denver*, 156 Colo. 538, 400 P.2d 434. As we said in *Bayly Co. v. Dept. of Employ't*, 155 Colo. 433, 395 P.2d 216:

"* * * It is manifest that this Court does not overturn statutes presumptively valid on the strength of the speculations and conjectures of counsel as to what might happen under them.* * *"

Thus, under the usual rule, defendants charged with possession of guns have no standing to attack this statute on the ground that it improperly incorporates an all-encompassing definition of "knife." We do not examine the outer bounds of statutes where the alleged conduct falls clearly within the statutes' prohibition. While, as suggested by the defendants, doubts as to the applicability of the statutory language in marginal fact situations may be conceived, we think the statute gives defendants adequate warning that their possession of a gun was a criminal offense. *United States v. Powell, supra.*

To avoid the standing limitation of the usual rule, defendants attempt to apply the "overbreadth" doctrine. This doctrine, however, has been cautiously applied only in certain limited cases where "weighty countervailing policies" counteract the usual standing requirements, where important rights would otherwise be threatened. Thus, in the area of First Amendment freedoms, courts have sanctioned "attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22. *See Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830; *Bolles v. People*, 189 Colo. 394, 541 P.2d 80; Note, *Narrowing the Overbreadth Doctrine*, 45 Colo. L. Rev. 361; Note, *The First Amendment Overbreadth Doctrine*, 83 Harv. L. Rev. 844.

We have also held a municipal ordinance to be unconstitutionally overbroad in *Lakewood v. Pillow*, 180 Colo. 20, 501 P.2d 744; but there the defendant had standing to make the challenge since he was convicted under the offending provisions of the ordinance. There, too, the defendant was able to show that the statute unduly infringed upon his right to bear arms.

These defendants, however, cannot invoke the same constitutionally protected right to bear arms as could the defendant in *Lakewood, supra,* for, as we make clear below, the right of a convicted felon to bear arms is subject to reasonable legislative regulation and limitation. The overbreadth doctrine, intended as it is to protect weighty constitutional interests, cannot be extended to the circumstances of the present controversy.

### III.

We do not agree that the statute violates the provisions of Article II, Section 13, of the Colorado Constitution.

Article II, Section 13, of the Colorado Constitution reads as follows: "Right to bear arms. The right of no person to keep and bear arms in defense of his home, person and property, or in aid of the civil power when thereto legally summoned, shall be called in question; but nothing herein contained shall be construed to justify the practice of carrying concealed weapons."

It is argued that the statute, which prohibits possession, use, and carrying of a weapon, is a blanket proscription that cannot be reconciled with the literal constitutional language. A felon is a "person" within the meaning of Article II, Section 13, the argument runs, and once he has served his term he is reinstated to the full rights of citizenship, *Colo. Const.* Art. VII, Sec. 10, including the absolute right to bear arms.

However, not all constitutional rights are absolute. *Mosgrove v. Town of Federal Heights,* 190 Colo. 1, 543 P.2d 715; *Stapleton, Jr. v. Dist. Ct.,* 179 Colo. 187, 499 P.2d 310; *Anderson v. People,*

176 Colo. 224, 490 P.2d 47, *cert. denied,* 405 U.S. 1042, 92 S.Ct. 1316, 31 L.Ed.2d 583; *United States v. Akeson,* 290 F. Supp. 212 (D. Colo. 1968); *Sigma Chi Fraternity v. Regents of the University of Colorado,* 258 F. Supp. 515 (D. Colo. 1966). When rights come into conflict, one must of necessity yield. The conflicting rights involved here are the individual's right to bear arms and the state's right, indeed its duty under its inherent police power, to make reasonable regulations for the purpose of protecting the health, safety, and welfare of the people. *Cottrell v. Teets,* 139 Colo. 558, 342 P.2d 1016; *Denver v. Denver & Rio Grande Co.,* 63 Colo. 574, 167 P. 969, *aff'd* 250 U.S. 241, 39 S.Ct. 450, 63 L.Ed. 958; *The People v. Hupp,* 53 Colo. 80, 123 P. 651.

We do not read the Colorado Constitution as granting an absolute right to bear arms under all situations. It has limiting language dealing with defense of home, person, and property. These limitations have been recognized by the General Assembly in the enactment of section 18-12-105, C.R.S. 1973, which restricts the right to bear arms in certain circumstances, while permitting in other circumstances the carrying of a concealed weapon in defense of home, person, and property, and also when specifically authorized by written permit.

In our view, the statute here is a legitimate exercise of the police power.

"* * * To limit the possession of firearms by those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities, is clearly in the interest of the public health, safety, and welfare and within the scope of the Legislature's police power." *People v. Trujillo,* 178 Colo. 147, 497 P.2d 1.

*See also People v. Trujillo,* 184 Colo. 387, 524 P.2d 1379. To be sure, the state legislature cannot, in the name of the police power, enact laws which render nugatory our Bill of Rights and other constitutional protections. *Lakewood v. Pillow, supra; People v. Hinderlider,* 98 Colo. 505, 57 P.2d 894; *Platte Etc., C. & M. Co. v. Dowell,* 17 Colo. 376, 30 P. 68, *appeal dismissed,* 154 U.S. 512, 14 S.Ct. 1150, 38 L.Ed. 1079. But we do not read this statute as an attempt to subvert the intent of Article II, Section 13. The statute simply limits the possession of guns and other weapons by persons who are likely to abuse such possession.

Moreover, our view does not abrogate an ex-felon's right to legitimately use self-defense. The felon with a gun statute must be read in *pari materia* with section 18-1-702, C.R.S. 1973, which provides in pertinent part:

"* * * [C]onduct which would otherwise constitute an offense is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury * * *."

Defendants have not contended that they were armed because of any threat to their lives or in order to defend their homes or property.

This could be a defense against unreasonable application of the statute, but is not involved in this case.

Defendants direct our attention to *People v. Nakamura*, 99 Colo. 262, 62 P.2d 246, for the proposition that the state cannot disarm any class of persons. That case is inapposite. There, the legislature had attempted to prohibit aliens from owning or possessing firearms. Such a classification was a manifestly unreasonable exercise of the police power and a clear violation of Article II, Section 27, of the Colorado Constitution, which guarantees equal property rights to aliens. Defendants also cite *Lakewood v. Pillow, supra*. That case involved a municipal ordinance which forbad the possession, use, or carrying of firearms outside of one's own home. Such a broad prohibition, we held, unduly infringed on the personal liberty of bearing arms. However, the defendant in *Lakewood v. Pillow, supra*, was not, as far as the record revealed, an ex-felon, and the issue of whether like restrictions could not constitutionally be imposed on persons who had been convicted of felonies involving the use of force or violence or certain dangerous weapons was not there considered.

In sum, we hold that section 18-12-108, C.R.S. 1973, the felon with a gun statute, is a legitimate exercise of the state's police power.

The judgment of the district court is affirmed in part and reversed in part, and the cases remanded with directions to reinstate the informations, and for further proceedings consonant with the views expressed herein.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissent.