## No. 27274

**The People of the State of Colorado v. Robert Glen Ford a/k/a Robert Glen White**

(568 P.2d 26)

Decided August 15, 1977.

460

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The defendant was arrested for discharging a firearm outside his home. He was charged with one misdemeanor, possession of a defaced firearm,[1] and one felony, possession of a weapon by a previous offender.[2] Habitual criminal charges[3] were predicated upon that felony count.

---

[1]Section 18-12-103, C.R.S. 1973.

[2]Section 18-12-108, C.R.S. 1973. Possession of weapons by previous offenders. Any person previously convicted of burglary, arson, or a felony involving the use of force or violence or the use of a deadly weapon, or attempt or conspiracy to commit such offenses, under the laws of the United States of America, the state of Colorado, or another state, within the ten years next preceding or within ten years of his release from incarceration, whichever is greater, who shall possess, use, or carry upon his person a firearm or other weapon mentioned in section 18-1-901(3)(h) or sections 18-12-101 to 18-12-106 commits a class 5 felony. A second or subsequent offense under this section is a class 4 felony.

[3]Section 16-13-101, C.R.S. 1973.

Defense counsel moved to dismiss the felony possession charge, contending that the statute's application to the defendant was unconstitutional because it violated his right to keep and bear arms in defense of his "home, person and property" as guaranteed by *Colo. Const.* Art. II, section 13. On the date set for trial, the trial court held an evidentiary hearing on the defendant's motion to dismiss. The only evidence presented was testimony by the defendant's wife. She stated that the three pistols and one rifle in question were all kept by her and her husband in their bedroom for her protection. Defendant did not testify.

The prosecution offered no evidence, but argued that the asserted constitutional provision should be raised as an affirmative defense at trial and a jury, properly instructed, should decide the underlying fact issue whether the defendant's purpose in keeping the guns was to defend his "home, person and property." Defense counsel, on the other hand, likened the motion to dismiss to a motion to suppress evidence, and argued that the trial judge could find the facts requisite to determining whether the constitutional provision applied.

On that basis, the trial court, without the aid of any precedent, ruled that section 18-12-108, C.R.S. 1973, was unconstitutional as applied in that it violated the defendant's right to keep and bear arms in defense of his home, person, and property, in direct contravention of *Colo. Const.* Art. II, Sec. 13. Thus, the court dismissed the felony charge of possession of firearms by a previous offender, and the four habitual criminal counts based on that charge.

Article II, Section 13, of the Colorado Constitution provides: "The right of no person to keep and bear arms in defense of his home, person and property, or in aid of the civil power when thereto legally summoned, shall be called in question; but nothing herein contained shall be construed to justify the practice of carrying concealed weapons." This Court has previously held that section 18-12-108, C.R.S. 1973, the "felon with a weapon" statute, does not on its face violate Art. II, Sec. 13. *People v. Blue*, 190 Colo. 95, 544 P.2d 385 (1975). However, in that case the defendants did not contend that they were armed in order to defend their persons, homes or property. Therefore, the court in *Blue* left unanswered the question whether such a defense, if established, would render unconstitutional the statute's application in a particular case.

Here, given the statute's facial constitutionality, the question raised is the *extent* to which it is limited in application by the constitutional provision. The secondary problem is what procedures are appropriate for invoking the constitutional provision.

It is axiomatic that if a statute can reasonably be construed so as to harmonize it with the Constitution, that construction should be preferred. *See, e.g. Duprey v. Anderson*, 184 Colo. 70, 518 P.2d 807 (1974); *Cooper Motors, Inc. v. Board of County Commissioners*, 131

Colo. 78, 279 P.2d 685 (1955). The statute must be read in light of the Constitution.

In spite of the flat prohibition contained in section 18-12-108, C.R.S. 1973, the specific limitations of Art. II, section 13 must be superimposed on the statute's otherwise valid language. In *People v. Blue, supra*, we recognized that the right to bear arms is not absolute; the Colorado Constitution limits that right to the defense of one's home, person, and property. Thus, statutes enacted pursuant to the state's police power may validly restrict or regulate the right to possess arms where the *purpose* of such possession is not a constitutionally protected one. *See also United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939); *State v. Bolin*, 200 Kan. 369, 436 P.2d 978 (1968); *State v. Krantz*, 24 Wash.2d 350, 164 P.2d 453 (1945); *Jackson v. State*, 37 Ala. App. 335, 68 So.2d 850 (1953).

The General Assembly's power to regulate in this area, however, is subject to the clear constitutional guarantee of the right to bear arms. A defendant charged under section 18-12-108 who presents competent evidence showing that his purpose in posssssing weapons was the defense of his home, person, and property thereby raises an affirmative defense.[4]

We do not agree with the defendant's assertion, however, that the trial court's disposition of this issue at a pre-trial evidentiary hearing was proper. The question of the defendant's purpose in keeping the weapons is one for the fact finder to determine at trial. If the trial is to a jury, the issue is to be tried to the jury under appropriate instructions informing them of the constitutional provision. The issue is not merely whether certain evidence is admissible or not, as in the typical hearing on a pre-trial motion to suppress evidence. In such evidentiary hearings it is not a usurpation of the jury's function for the judge to rule on a preliminary question of fact upon which hinges applicability of an asserted rule of evidence law. *McCormick, Evidence*, 121-25, 423-25 (2d ed. 1972). Here, however, the ultimate issue whether an affirmative defense applies turns solely on the fact issue of the defendant's purpose in keeping the guns. If the prosecution is entitled to a jury trial, it is entitled to have this ultimate issue submitted to a jury.

We do not, however, accept the prosecution's contention that the burden is upon the defendant to prove the constitutional protection beyond a reasonable doubt. Due process requires that the burden to prove guilt beyond a reasonable doubt remain with the prosecution throughout the trial. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508

---

[4]*Cf.* section 18-12-105(2)(a), C.R.S. 1973, expressly creating such an affirmative defense in the comparable situation of one charged with carrying a concealed weapon.

(1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). After the defendant by competent evidence has raised this affirmative defense under Art. II, Sec. 13, the prosecution will still have the overall burden of proving its case. In other words, the burden of proof does not shift; rather the defendant need only raise in the fact finders' minds a reasonable doubt regarding his guilt. *See Leonard v. People*, 149 Colo. 360, 369 P.2d 54 (1962); *People v. Williams*, 61 Colo. 11, 155 P. 323 (1916). *See also People v. Nakamura*, 99 Colo. 262, 62 P.2d 246 (1936) (dissenting opinion).

Thus, it was error for the trial court to dismiss the proceedings without a trial on the issue of the defendant's purpose in possessing firearms.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.