**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Lee P. BARGER, Defendant-Appellant.**

No. 84CA1459.

Colorado Court of Appeals, Div. II.

Aug. 14, 1986.

Rehearing Denied Oct. 9, 1986.

Certiorari Denied (Barger) Feb. 9, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Peggy O'Leary, Deputy Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Lee P. Barger, appeals a judgment entered upon a jury verdict find-

ing him guilty of possession of a weapon by a previous offender and of unlawfully carrying a concealed weapon. We affirm.

At trial, the prosecution presented evidence that, in 1984, defendant was in a Colorado Springs bar when an argument broke out on the other side of the room. Defendant took a .44 Magnum handgun from a holster under his jacket, placed it on the bar, and asked the bartender to put it behind the bar. She refused and walked away. An off-duty police officer who had been watching stepped up to the bar, took defendant's gun, and unloaded five live rounds of ammunition and one expended round. It was stipulated that defendant had been convicted of robbery in 1975. On this evidence, guilty verdicts were returned on the two charges noted above.

## I.

On appeal, defendant contends the trial court erred in refusing his tendered instruction pertaining to the affirmative defense of the right to bear arms and in ruling that he could not present evidence of this claimed defense. He had made an offer of proof that he had had several encounters with a motorcycle gang and carried a gun because he feared for his personal safety.

In *People v. Ford*, 193 Colo. 459, 568 P.2d 26 (1977), the supreme court held that § 18–12–108, C.R.S. (1978 Repl. Vol. 8) (the "felon with a weapon" statute) does not on its face violate Colo. Const. art. II, § 13. Therefore, it stated that the right to bear arms is limited "to the defense of one's home, person, and property," and concluded that the statute "may validly restrict or regulate the right to possess arms where the purpose of such possession is not a constitutionally protected one."

■ We agree with the trial court that defendant's offer of proof was insufficient to support the proposed affirmative defense. Defendant chose to go to the bar, and there was no showing indicating a threat to defendant or his property. Also, in contrast to the situation in *People v. Ford, supra,* defendant showed no necessity to secure his home in this situation.

Therefore, the trial court properly excluded the affirmative defense and proposed instruction.

## II.

■ As the prospective jurors were waiting to go into the courtroom prior to the start of *voir dire,* defendant's bondsman came up to him in the hallway of the courtroom and asked him, "Is this the one I got you out on?" Defendant argues that the trial court erred in not striking the jury panel because of this incident. We disagree.

"To request a new trial based on a tainted jury, the defendant must show evidence of prejudice." *People v. Hickam,* 684 P.2d 228 (Colo.1984). No such evidence was presented. There was no showing that any of the prospective jurors even heard the remark, much less that any juror was prejudiced by it. There was nothing in the remark itself indicating any prior criminality. Also, defendant refused an offer to instruct the jurors to disregard any conversation they may have heard. Under such circumstances, there was no error.

Judgment affirmed.

SMITH and KELLY, JJ., concur.