The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Roger RANKIN, Defendant-Appellee.

No. 85SA10.

Supreme Court of Colorado, En Banc.

Sept. 8, 1986.

Barney Iuppa, Dist. Atty., Robert B. Harward, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Obernesser & Vaglica, Phillip A. Vaglica, Colorado Springs, for defendant-appellee.

VOLLACK, Justice.

The People appeal the El Paso County District Court's dismissal of two counts against the defendant under the Purchaser

of Valuable Articles Act. The trial court ruled that the Act was unconstitutionally vague. We reverse and reinstate both counts.

## I.

The defendant, Roger Rankin, a dealer in valuable gems and metals, was charged with violating sections 18–16–105 and –107, 8 C.R.S. (1985 Supp.), by failing to properly identify certain valuable articles under the Act's record-keeping and reporting system. The Act was created to curtail illicit traffic in stolen valuable articles by mandating that purchasers of valuable articles keep records identifying such articles and the sellers of those articles, and by mandating that the purchasers provide the local law enforcement agency with weekly reports of all valuable articles purchased during the preceding week and of the seller's declaration of ownership. The Act also provides a holding period during which time such articles shall not be disposed of or altered in any manner.

On May 31, 1984, the defendant purchased twenty primarily silver items. Many of the items contained identifiable engravings such as dates, brand names, model numbers, initials, and names of cities. The defendant signed the report of the particular purchase pursuant to section 18–16–107(1), 8 C.R.S. (1985 Supp.), and described the items collectively as "miscellaneous silverware." He forwarded the purchase report to the police as required under section 18–16–107(1), and retained the original of the report as required under section 18–16–105(1).

After a motions hearing on December 14, 1984, the district court ruled that the statute was unconstitutionally vague and dismissed the counts against Rankin. The court held that the terms "reasonable time" and "valuable article" were unconstitutionally vague and, therefore, unconstitutionally delegated the authority to define criminal conduct to local law enforcement agents. We reverse and reinstate the counts against the defendant.

## II.

The defendant's facial constitutional challenge to the term, "valuable article," under section 18–16–102(7)(a), 8 C.R.S. (1985 Supp.), is based upon the due process principle of void for vagueness. A statute is void for vagueness if it does not give fair warning of the conduct prohibited or if its standards are so ill-defined as to create a danger of arbitrary and capricious enforcement. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Exotic Coins, Inc. v. Beacom*, 699 P.2d 930 (Colo.1985). It is well settled that if the statute fairly describes the conduct forbidden, and persons of common intelligence can readily understand its meaning and application, it will be upheld. *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Exotic Coins*, 699 P.2d 930; *People v. Blue*, 190 Colo. 95, 544 P.2d 385 (1975).

In *Exotic Coins*, 699 P.2d 930, we held that the term, "valuable article," as defined under section 18–16–102(7)(a), 8 C.R.S. (1985 Supp.), was not unconstitutionally vague. We reaffirm that holding.

"Valuable article" is defined in the Act as:

any tangible personal property consisting, in whole or in part, of *precious or semiprecious metals* or stones, whether solid, plated, or overlaid including, *but not limited to*, household goods, jewelry, United States commemorative metals or tokens, and gold and silver bullion.

§ 18–16–102(7)(a), 8 C.R.S. (1985 Supp.) (emphasis added). The term, "precious or semiprecious metals or stones," is defined under the Act as:

such metals as, *but not limited to*, gold, silver, platinum, and pewter, and such stones as, but not limited to, alexandrite, diamonds, emeralds, garnets, opals, rubies, sapphires, and topaz. For the purpose of this article, ivory, coral, pearls, jade, and such other minerals, stones, or gems as are customarily regarded as precious or semiprecious are deemed to be precious or semiprecious stones.

§ 18–16–102(3), 8 C.R.S. (1985 Supp.) (emphasis added). The defendant claims the statute is vague as to whether his conduct was criminal. He objects particularly to the modifying phrases "but not limited to" and "precious or semiprecious metals or stones" contained within the definition of "valuable article" under section 18–16–102(7)(a). Similarly, the defendant objects to the phrases "such metals as" and "not limited to" contained within the definition of "precious or semiprecious metals or stones" under section 18–16–102(3).

The defendant was charged with not adequately identifying pieces of silver. Silver is specifically enumerated as a precious or semiprecious metal which in turn is contained within the definition of a valuable article. Accordingly, we hold that the trial court erred when it ruled that the term, "valuable article" under section 18–16–102(7)(a), 8 C.R.S. (1985 Supp.), was not adequately defined as to the defendant and that the criminality of the defendant's conduct was left to subjective interpretation of law enforcement agents. The statute clearly gave the defendant adequate warning that the purchase of silver items was a metal within the scope of the statute's record-keeping and reporting requirements.

### III.

The defendant's challenge to the term "reasonable time" in section 18–16–105(3) is clearly precluded by the general rule that constitutional challenges to statutes or portions of statutes will not be considered if raised by a party not affected by the alleged defects. *People v. Kibel,* 701 P.2d 37 (Colo.1985); *People v. Brown,* 632 P.2d 1025 (Colo.1981); *People v. Tumbarello,* 623 P.2d 46 (Colo.1981). Section 18–16–105(3) formed no part of the basis for the prosecution of the defendant. Nor does this case present any circumstances that would bring the defendant's attack on the term "reasonable time" within one of the limited exceptions to the general rule. *Cf. People ex rel. Tooley v. 735 East Colfax, Inc.,* 697 P.2d 348 (Colo.1985) (In first amendment cases, party may assert invalidity of statute that might chill constitutionally protected expression of others, even though statute could be constitutionally applied to party before the court).

Section 105 provides that the purchaser of valuable articles shall keep a register that shall contain the records of certain specified information, and the register shall be made available "(3) ... to any peace officer for inspection at any reasonable time." The defendant was not charged with having denied a peace officer's access to his register, and, therefore, the defendant does not have standing to challenge that portion of the Act.

In conclusion, the defendant does not have standing to challenge provisions of the statute under which he is not charged.

Judgment is reversed, and the trial court is ordered to reinstate the counts against the defendant.