Opinion by Judge MILLER.
¶ 1 In 1876, the new State of Colorado adopted a constitution that included a provision in its bill of rights establishing a right to keep and bear arms in defense of one's home, person, and property:
The right of no person to keep and bear arms in defense of his home, person and property, or in aid of the civil power when thereto legally summoned, shall be called into question; but nothing herein contained shall be construed to justify the practice of carrying concealed weapons.
Colo. Const. art. II, § 13 (section 13 ) (emphasis added). This provision has never been amended.
¶ 2 During the twentieth century, the Colorado General Assembly enacted a statute making possession of a weapon by a previous offender (POWPO) unlawful. § 18-12-108(1), (2)(a), C.R.S.2011. Although the POWPO statute does not refer to section 13, in People v. Ford, 193 Colo. 459, 462, 568 P.2d 26, 28 (1977), the supreme court held that a defendant may raise an affirmative defense to a POWPO charge under section 13 by presenting competent evidence that his or her purpose in possessing weapons was defense of home, person, and property.
¶ 3 Beginning in 1983, the stock jury instructions utilized by trial courts in Colorado have included an instruction following Ford:
It is an affirmative defense to the crime of [POWPO] that the defendant possessed the weapon for the purpose of defending his [home] [property] [person].
See COLJI-Crim. H:51 (2008). In recent years, however, some prosecutors have asked trial courts to alter the stock instruction by adding a requirement that the defendant's purpose in possessing the weapons arises from a reasonable belief in a threat of imminent harm. Other divisions of this court have rejected such efforts in unpublished decisions based on the supreme court's holding in Ford. See People v. Silveira, (Colo.App. No. 10CA0017, 2011 WL 2206895, June 2, 2011) (not published pursuant to C.A.R. 35(f) ); People v. Smith, (Colo.App. No. 09CA1694, 2010 WL 5066960, Dec. 9, 2010) (not published pursuant to C.A.R. 35(f) ). While these unpublished opinions do not establish binding precedent, we agree with their reasoning. We publish this opinion because, as demonstrated by the fact that the same issue has arisen in at least three different judicial districts, the issue is one of continuing public interest. C.A.R. 35(f)(2).
¶ 4 In this case, defendant, Joddy Leon Carbajal, appeals the judgment of conviction entered on jury verdicts finding him guilty of two POWPO counts. He argues that the trial court committed reversible error when it rejected his tender of the stock jury instruction regarding his affirmative defense to the POWPO charges and instead utilized a version provided by the prosecution, which added language concerning a reasonable belief of a threat of imminent harm. We agree, reverse the judgment of conviction, and remand for a new trial.
I. Background
¶ 5 Police officers obtained a search warrant for defendant's residence based on a tip in an unrelated case. During their search, the officers discovered three handguns in the main bedroom and bathroom area of the house.
¶ 6 Defendant was charged with three POWPO counts. At trial, defendant presented evidence that he possessed the weapons in order to defend his home, person, and property. He asked the trial court to provide the jury with the stock POWPO affirmative defense instruction. The trial court, however, determined that it would give the affirmative defense instruction proposed by the prosecution, which altered the stock instruction by adding the emphasized language, as follows:
*677 It is an affirmative defense to the charge of [POWPO] that the defendant possessed a firearm for the purpose of defending himself, home, or property from what he reasonably believed to be a threat of imminent harm.
¶ 7 Defendant objected. The court, relying on language in People v. Blue, 190 Colo. 95, 544 P.2d 385 (1975), analogized this case involving the section 13 affirmative defense to cases involving the affirmative defense of choice of evils under section 18-1-702, C.R.S.2011. See id. at 103, 544 P.2d at 391 (noting that the then current version of the POWPO statute should be read in pari materia with the choice of evils affirmative defense); see also COLJI-Crim. H:09 (2008) ("choice of evils" stock instruction; affirmative defense available where conduct is "necessary as an emergency measure to avoid an imminent public or private injury"). The trial court also noted that section 18-1-704, C.R.S.2011, describing the affirmative defense of self-defense, contains an "imminent" threat requirement.
¶ 8 In closing arguments, the prosecution argued extensively regarding the lack of an imminent threat to defendant. The jury then convicted defendant of two of the three POWPO charges.
II. Analysis
¶ 9 The sole issue before us is whether the trial court erred when it added the phrase "from what he reasonably believed to be a threat of imminent harm" to the stock instruction. We conclude that it so erred.
A. Law
¶ 10 The trial court has the duty to instruct the jury properly on all matters of law. People v. Garcia, 28 P.3d 340, 343 (Colo.2001). When a defendant objects to an erroneous instruction, the harmless error standard applies, and reversal is required unless the error does not affect the substantial rights of the defendant. Id. at 344 ; see also Crim. P. 52(a). "An error is harmless only when a reviewing court can say with fair assurance that, in light of the entire record, the error did not substantially influence the verdict or impair the fairness of the trial." Lybarger v. People, 807 P.2d 570, 581 (Colo.1991).
¶ 11 By virtue of section 13, a defendant presenting competent evidence that his or her purpose in possessing weapons was defense of home, person, and property raises an affirmative defense to a POWPO charge. Ford, 193 Colo. at 462, 568 P.2d at 28 ; People v. DeWitt, 275 P.3d 728, 732-33 (Colo.App.2011). As long as the defendant presents some credible evidence, or a "scintilla" of evidence, in support of the affirmative defense, the jury decides whether the defendant possessed a weapon for a constitutionally protected purpose. See § 18-1-407(1), C.R.S.2011 (to raise an affirmative defense, a defendant must present credible evidence of the defense); Ford, 193 Colo. at 462, 568 P.2d at 28 ; DeWitt, 275 P.3d at 732-33. If the defendant presents such evidence, the prosecution then has the burden of disproving the affirmative defense beyond a reasonable doubt. See § 18-1-407(2), C.R.S.2011; People v. Pickering, 276 P.3d 553, 555-56 (Colo.2011).
B. The Instruction
¶ 12 As noted above, the trial court modified the stock instruction and imported the "imminent threat" language from the statutory affirmative defenses of choice of evils and self-defense. See §§ 18-1-702 (choice of evils), 18-1-704 (use of physical force in self-defense or defense of others). However, the affirmative defenses of choice of evils and self-defense do not apply to this case because they address use of force or other conduct. Although the POWPO statute prohibits possession, use, or carrying of a weapon by a previous offender, the sole basis for the POWPO charges here was defendant's conceded possession of the weapons found during the search of his residence.
¶ 13 Defendant did not assert either of the statutory affirmative defenses. The affirmative defense he raised is based on Colorado's constitutional right to keep arms. "A [POWPO] defendant ... who presents competent evidence showing that his purpose in possessing weapons was the defense of his home, person, and property thereby raises *678 an affirmative defense." Ford, 193 Colo. at 462, 568 P.2d at 28 (emphasis added). The jury decides the defendant's purpose for possessing a weapon. Id.
¶ 14 Contrary to the People's arguments on appeal, we do not find, in either Blue or Ford, any requirement that the affirmative defense to POWPO be based on an imminent threat. If the supreme court intended such a requirement, it could have stated one.
¶ 15 The People argue that, without an "imminent threat" requirement, the POWPO statute would be unenforceable, in effect a "dead letter" allowing previous offenders to carry firearms. We are unconvinced for three reasons.
¶ 16 First, the verdict form asked only whether defendant possessed a weapon. There was no contention at trial that he used or carried the guns in his home.
¶ 17 Second, while a defendant need only present some credible evidence that his or her purpose in possessing weapons was for the defense of person, home, and property, the prosecution is not limited in the arguments it can make to disprove the affirmative defense. The arguments the prosecution made in this case could have been made under the stock jury instruction, as the jury ultimately chooses whether to believe a defendant's assertion of purpose. Compare DeWitt, 275 P.3d at 734 (the defendant was entitled to the stock jury instruction where he presented some credible evidence of a constitutionally protected purpose for weapon possession), with People v. Barger, 732 P.2d 1225, 1226 (Colo.App.1986) (the defendant was not entitled to affirmative defense instruction where he presented no evidence that public possession of weapon in a bar was based on any threat to his person, home, or property).
¶ 18 Third, the supreme court's decision in Ford has been on the books for over thirty-four years. Our supreme court is the final arbiter of our state constitution, and we are bound by its precedent. See Curious Theatre Co. v. Colorado Dep't of Pub. Health & Env't, 220 P.3d 544, 551 (Colo.2009) (supreme court is final arbiter of the meaning of the Colorado Constitution); White v. Anderson, 155 Colo. 291, 308, 394 P.2d 333, 341 (1964) (same). As an intermediate court of appeals, we must therefore adhere to Ford 's description of section 13 as preserving the right of even previous offenders to keep arms where the defendant's "purpose in possessing weapons was the defense of his home, person, and property." Ford, 193 Colo. at 462, 568 P.2d at 28.[1]
¶ 19 Therefore, we conclude the trial court erred in modifying the stock instruction to include a "threat of imminent harm" requirement.
C. Harmless Error
¶ 20 Upon review of the trial transcripts, we conclude that the modified affirmative defense instruction impacted defendant's substantial rights and, therefore, was not harmless error.
¶ 21 The prosecution cross-examined defendant to show that he had not received any recent threats and that his claimed need to protect himself, his home, and his property was not reasonable. In both closing and rebuttal argument, the prosecution extensively argued that no immediate threat had been shown.
¶ 22 Because the modified jury instruction allowed the prosecution to defeat the affirmative defense by showing that defendant did not reasonably believe in a "threat of imminent harm," the burden of proof regarding defendant's purpose in possessing weapons was impermissibly lowered. This error was not harmless. See People v. Garcia, 113 P.3d 775, 784 (Colo.2005) (where the prosecution's burden of disproving an affirmative defense is improperly lowered, the error cannot be deemed harmless).
D. Second Amendment
¶ 23 In *679 District of Columbia v. Heller, 554 U.S. 570, 630, 635, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), the United States Supreme Court held that the Second Amendment to the United States Constitution protects a personal right to keep and bear arms for self-defense and "defense of hearth and home." See also McDonald v. City of Chicago, 561 U.S. 742, 780, 130 S.Ct. 3020, 3044, 177 L.Ed.2d 894 (2010) (extending the Second Amendment's reach to the states). The Court concluded that "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions of the possession of firearms by felons." Heller, 554 U.S. at 626, 128 S.Ct. 2783. Numerous federal courts have followed Heller in upholding the constitutionality of the federal counterpart to POWPO, 18 U.S.C. § 922(g)(1). See, e.g., United States v. Torres-Rosario, 658 F.3d 110, 113 n. 1 (1st Cir.2011) (collecting cases); United States v. McCane, 573 F.3d 1037, 1047 (10th Cir.2009).[2]
¶ 24 Neither party has asserted the possible relevance of Heller 's holdings and analysis to the present case, and we decline to speculate whether our supreme court would modify its holding in Ford in light of Heller.
III. Conclusion
¶ 25 The judgment of conviction is reversed, and the case is remanded for a new trial consistent with this opinion.
Judge ROMÁN concurs.
Judge RICHMAN specially concurs.

We are not persuaded by the federal and out-of-state authorities cited by the People. Those cases pertain to statutory or common law affirmative defenses based on self-defense, justification, and duress, not to a defense based on a constitutional provision like Colorado's section 13.

Judge Tymkovich stated in his concurring opinion in McCane that the language in Heller regarding the constitutionality of felon in possession statutes was dictum, but also observed that "Supreme Court dicta bind[ ] us 'almost as firmly as ... the Court's outright holdings.' " 573 F.3d at 1047 (quoting Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1243 (10th Cir.2008) ). Other courts have concluded that the language was not dictum. See, e.g., United States v. Barton, 633 F.3d 168, 171 (3d Cir.2011) (collecting cases).