Judge RICHMAN specially concurring.
¶ 26 I concur with the majority's determination that defendant is entitled to a new trial because the instruction given on his asserted constitutional affirmative defense varied from the stock instruction, which has apparently been used by our trial courts for many years, and because use of the modified instruction cannot be dismissed as harmless error under the circumstances presented here.
¶ 27 However, I write separately to acknowledge the People's argument that the stock instruction is problematic and omits an important element that should be part of the affirmative defense. In this regard, I conclude that at least one of the modifications made by the trial court in this case merits consideration by either the supreme court, in formulating a new stock instruction, or the General Assembly, in expressly specifying a statutory affirmative defense to the POWPO offense.
¶ 28 By modifying the stock instruction, the trial court, in my view, added two separate elements to the affirmative defense, although these were mixed in the language added by the court. The first requirement was that the defendant's purpose in having the weapons was to defend himself from what he "reasonably believed" to be a threat of harm. The second requirement was that the threat of harm be "imminent."
¶ 29 On the one hand, I disagree with the People's argument that "imminent harm" should be required to establish the affirmative defense, for several reasons. First, the affirmative defense in this case is based on the state constitutional right to "keep and bear arms in defense of ... home, person and property." I do not perceive that the amendment addresses the use of a weapon only when a citizen is confronted with imminent harm, but rather it permits the "keeping" of arms in defense of home, person, and property. If possession were permitted only at a time of emergency created by imminent harm, the affirmative defense would not acknowledge the full scope of the limited right provided in the constitution.
¶ 30 Second, if the defense required a showing of imminent harm, the defense would overlap, and perhaps duplicate, much of the affirmative defense of self-defense. See § 18-1-704(1), C.R.S.2011 (requiring proof that the defendant has a reasonable belief that he is subject to the "use or imminent *680 use of unlawful physical force"). The affirmative defense at issue here is separate from self-defense.
¶ 31 Third, in a case such as this, the defense can be asserted even when the defendant has not engaged in any active conduct to use or employ the weapon alleged to be unlawfully possessed. Unlike self-defense, where the defendant has by definition engaged in the use of "physical force," most often the use of a weapon, the POWPO defendant has not necessarily employed the weapon. Indeed, the facts of this case reflect no actual use of the weapon by defendant.
¶ 32 On the other hand, I agree with the People's argument that application of the affirmative defense in a POWPO case should include a showing that the defendant's possession of the weapon is based on "a reasonable belief of a threat of harm." The absence of a requirement of a "reasonable belief" in the stock instruction permits the affirmative defense to be asserted whenever a POWPO defendant claims that his "purpose" in possessing the weapon was for defense, no matter how unreasonable or unjustified that claim may be. It may well be that even under the current stock instruction, juries implicitly assess the "reasonableness" of the defendant's assertion that he possessed the weapon for the purpose of defense of the home, property, and person. But without the express inclusion of that element in the affirmative defense instruction, there is no way to ensure that the defense is limited to cases where the asserted purpose of possessing the weapon is reasonable.
¶ 33 In support of creating a modified stock instruction on the affirmative defense in a POWPO case that incorporates the requirement of a reasonable belief from a threat of harm, I note that other parallel statutory affirmative defenses contain a requirement of reasonable conduct by the defendant. See, e.g., § 18-1-703(1)(a)(c), C.R.S.2011 (use of physical force-special relationships: allowing use of physical force when it is "reasonably necessary and appropriate" or when one "reasonably believes" the use of force is necessary); § 18-1-704(1), C.R.S.2011 (self defense: allowing use of physical force when one believes it is "reasonably necessary"); § 18-1-704.5, C.R.S.2011 (use of deadly force against intruder: allowing use of force when the occupant has a "reasonable belief" that intruder is committing or intends to commit a crime and might use physical force); § 18-1-705, C.R.S.2011 (use of physical force in defense of premises: allowing use of physical force when "reasonably necessary" to prevent or terminate what one "reasonably believes" to be the commission or attempted commission of a crime).
¶ 34 In addition, although the "choice of evils" affirmative defense does not employ the term "reasonable" to measure the defendant's conduct, it requires that the situation faced by the defendant be of "sufficient gravity" according to "ordinary standards of intelligence and morality" and that the "desirability and urgency of avoiding the injury" facing the defendant clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute that is violated. § 18-1-702(1), C.R.S.2011.
¶ 35 I also note that including a requirement of a reasonable belief in a threat of harm in the affirmative defense in a POWPO case would not conflict with the constitutional right to keep and bear arms in defense of the home, person, and property embodied in section 13. In People v. Blue, 190 Colo. 95, 544 P.2d 385 (1975) the Supreme Court upheld the facial constitutionality of the POWPO statute. In People v. Ford, 193 Colo. 459, 462, 568 P.2d 26, 28 (1977), the supreme court emphasized that the state may validly use its police power to restrict or regulate the right to possess arms where the purpose of such possession is not a constitutionally protected one. And in Robertson v. City & County of Denver, 874 P.2d 325, 331 (Colo.1994), the court held that section 13 does not confer a "fundamental right" to possess weapons, but rather that the question in each case is whether the law at issue constitutes a reasonable exercise of the state's police power.
¶ 36 If enforcement of the POWPO statute is a reasonable exercise of the state's police power to restrict the right of a citizen to keep and bear arms for one's defense, it seems only logical that a POWPO defendant *681 asserting the right should be required to show that his or her possession of the arms is based on a reasonable belief that such a defense is necessary. Therefore, I would uphold a modified stock instruction in a POWPO case which includes a requirement that the defendant possessed the weapon for the purpose of defending himself, his home, and his property from what he "reasonably believed to be a threat of harm."
¶ 37 As the majority states, the affirmative defense in a POWPO case is not a creature of statute, but rather emanates from section 13 and the ruling in Ford, 193 Colo. at 462, 568 P.2d at 28 ("A defendant charged under section 18-12-108 who presents competent evidence showing that his purpose in possessing weapons was the defense of his home, person, and property thereby raises an affirmative defense."). Accordingly, I conclude that the judiciary could modify the stock instruction to require a showing of "a reasonable belief of a threat of harm" or the General Assembly could codify the affirmative defense and include the requirement of a reasonable belief, as it has done with other statutory affirmative defenses, consistent with the constitutional rights of defendants.