(101 South. 268)

No. 26709.

ORLEANS PARISH SCHOOL BOARD v. MURPHY, Com'r of Public Finance.

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Constitutional law** ⬅14 — **In construing Constitution, words given ordinary meaning.**

In construing Constitution, every word must be understood in ordinary sense and given effect.

2. **Schools and school districts** ⬅92(1)—**Janitor's work not "maintenance" within statute.**

Work performed by janitor is not "maintenance" of school building so as to warrant payment of janitors' salaries out of fund which Const. 1921. art. 12, § 16, provides shall be used exclusively for purpose of "purchasing, constructing, repairing and maintaining buildings for public school purposes;" maintenance meaning holding; keeping, or preserving them in their existing state or condition.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maintenance.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Proceeding by the Orleans Parish School Board against Richard M. Murphy, Commissioner of Public Finance of New Orleans. Judgment for defendant, and plaintiff appeals. Affirmed.

Henry P. Dart, Jr., and W. Catesby Jones, both of New Orleans, for appellant.

Ivy G. Kittredge, City Atty., of New Orleans (Henry W. Robinson, of New Orleans, of counsel), for appellee.

By the WHOLE COURT.

LECHE, J. This proceeding involves the right and authority of the parish school board of New Orleans to pay the salaries of its "janitors" out of a fund expressly dedicated by the Constitution to "purchasing, constructing, repairing and maintaining buildings used for school purposes."

Section 16 of article 12 of the Constitution reads as follows:

"The Orleans parish school board, or its successor in law, shall levy annually a tax not to exceed seven (7) mills on the dollar on the assessed valuation of all property within the city of New Orleans assessed for city taxation and shall certify the fact to the commission council of the city of New Orleans, or other governing body of said city, which shall cause said tax to be entered on the tax rolls of said city and collected in the manner and under the conditions and with the interest and penalties prescribed by law for city taxes. The money thus collected shall be paid daily to said board. No portion of said tax in excess of five and one-fourth (5¼) mills shall be used except for the purpose of purchasing, constructing, repairing and maintaining buildings for public school purposes."

The quoted language indicates that the revenue derived by the Orleans parish school board, from the 7-mill tax, must be divided into two separate funds; the one derived from 5¼ mills is left available without restriction for any purpose whatever in aid of the public schools, while the other, derived from the 1¾-mill, must be used exclusively for "purchasing, constructing, repairing, and maintaining buildings for school purposes."

The sole question presented and submitted for decision is whether the item of "janitors' salaries" contained in the annual budget of the school board should be paid out of the fund arising from the collection of the 5¼-mill tax, or out of the fund arising from the collection of the 1¾-mill tax.

The position taken by the plaintiff school board is that "janitors' salaries" constitute

an expense incurred for the maintenance of the school buildings and should therefore be paid out of the fund derived from the tax of 1¾ mill.

[1] It is an elementary rule of construction in ascertaining the meaning of a constitutional provision that words must be understood in their ordinary sense, and that each word must be given effect, for the reason that written Constitutions import the utmost discrimination in the use of language. Maintaining school buildings means "holding them, keeping them or preserving them in their existing state or condition." In order, then, to determine whether the labor and service on the part of "janitors," is performed with a view of holding, keeping or preserving the public school buildings in their existing state or condition, recourse must be had to the evidence upon that subject in the record.

Several "janitors" employed by the school board were examined as witnesses and questioned as to the nature of their duties and of the work they are required to perform. It appears abundantly that the main and almost sole purpose of their employment is to sweep daily and occasionally to scrub the floors of the buildings, to attend to the heating and ventilation of the buildings and to keep them and the approaches thereto clean and in a sanitary condition with a view of promoting the comfort, convenience, and welfare of the teachers and pupils who use and occupy the buildings. Incidentally, they may have to prop a broken door or a broken window sash, or to check a leak from a bursted water pipe, but in either event they are required to make immediate report to the "assistant superintendent of maintenance," whose duty it becomes to send a carpenter or plumber to make the necessary repairs.

[2] We therefore do not believe that the work performed by the "janitors" is, in any manner except perhaps incidentally and in the remotest degree, connected with "maintaining the buildings."

Another clause in the Constitution, immediately following that quoted herein, is to this effect:

"The Orleans parish school board may incur indebtedness and issue negotiable promissory notes, bonds, or other evidences of debt, to bear no greater rate of interest than other municipal bonds, to run not more than forty (40) years, the principal and interest thereof payable as said board may determine, for the purpose of purchasing grounds, constructing and repairing buildings for public school uses, based upon said one and three-fourths (1¾) mills tax; and there shall be levied and collected annually for the years during which any of said obligations may be outstanding a tax not exceeding said one and three-fourths mill, sufficient to pay the principal and interest thereof."

Plaintiff calls attention to the fact that this clause purposely omits the word "maintaining" as one of the purposes for which the 1¾-mill tax may be funded into bonds, and attempts to draw from this omission a conclusion favorable to its position, but we frankly confess our inability to follow the logic of this argument. The cost of maintenance is a continuing expense, and it would therefore be unreasonable to anticipate the proceeds of a tax, which is collected as needed for maintenance purposes, by funding it into bonds and holding the proceeds as an idle fund in the treasury of the board.

The last-quoted clause does not compel the board to fund the whole of the 1¾-mill tax into bonds. The board has two alternatives, the one to fund the whole tax into bonds and pay the cost of maintenance out of the 5¼-mill tax, and the other only to fund into bonds such part of the 1¾-mill tax as will leave a balance from the collection of said tax sufficient to meet the cost of "maintaining" the buildings.

The district court refused the demand of plaintiff, and for the reasons stated we be-

lieve the judgment appealed from is correct, and should be affirmed; and

It is so ordered.

LAND, J., concurs in decree.

ST. PAUL, J., concurs, and files reasons.

ST. PAUL, J. I concur, because on the main issue the opinion is correct, and plaintiff seems willing to waive any inquiry into defendant's right to question the action of the school board in the premises. But:

In State v. Eames, 39 La. Ann. 986, 988, 3 South. 93, 94, this court said:

"The 'Board of School Directors' in each parish is constituted by law a public corporation, charged with the control, administration and *disbursement* of school funds." (Italics mine.)

The Constitution of 1921, art. 12, § 16 (page 95), declares:

"The money thus collected [by the city of New Orleans, for school purposes] shall be *paid* daily to *said board* [Orleans parish school board]."

See, also, State v. Geier, 35 La Ann. 1148.

In Fisher v. School Board, 44 La. Ann. 184, 187, 10 South. 494, 495, the court said:

"They [the Orleans parish school board] administer school affairs without possible control on the part of the city authorities. The treasurer of New Orleans is *ex officio* treasurer of the board and receives all funds collected for the support of the public schools. * * * *He pays upon the order of the school board.* (Italics mine.)

In Ealer v. Millspaugh, 32 La. Ann. 901, 903, the court said:

"The board [of school directors] and not the treasurer was to determine what application of the [school] funds should be made. *A different rule would throw public affairs into a most lamentable state of confusion.*" (Italics mine.)

Accordingly I think this case should not hereafter be taken as a precedent in that connection.