No. 48,319

Kansas City Millwright Company, Inc., *Appellee*, v. F. Kent Kalb, Successor to Harold A. Armold, Director of Taxation, State of Kansas, *Appellant*.

Filed April 26, 1977. (For original opinion see *Kansas City Millwright Co., Inc. v. Kalb*, 221 Kan. 658, 562 P. 2d 65.) .)

*Benjamin J. Neill*, of department of revenue, argued the cause, and *William N. Lacy*, of department of revenue, was with him on the brief for the appellant.

*Murray F. Hardesty*, of Hardesty, Hall & Schlosser, Chartered, of Topeka, argued the cause, and *Bryon R. Schlosser*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: Our opinion in this case was filed March 5, 1977. On page 670, it was said:

"Accordingly, the decision here announced will control the rights of *the parties* to this litigation, the rights of all taxpayers who have paid taxes pursuant to 79-3603(p), *supra*, under protest and have pending actions before the Director of Revenue, the Board of Tax Appeals or in the courts of this state challenging the validity of the tax on the date our decision herein is announced, but in all other cases it shall be applied prospectively. All other taxes paid and received by the Department of Revenue pursuant to 79-3603 (*p*), *supra*, prior to the date our decision herein is announced shall be retained by the Department of Revenue. All taxes collected pursuant to 79-3603 (*p*), *supra*, but not received by the Department of Revenue prior to the date our decision herein is announced, shall be refunded to the consumer."

The appellant has filed a motion seeking modification to eliminate ambiguity in the first sentence and to cover the application of tax warrants filed against taxpayers for taxes collected, but not received, by the Department of Revenue since July 1, 1970 (the effective date of K.S.A. 79-3603 [*p*]), in accordance with K.S.A. 79-3617 (now K.S.A. 1976 Supp. 79-3617). The appellant's argument has merit. Accordingly, the above quoted material is stricken from the opinion and the following is inserted in its place:

"Accordingly, the decision here announced will control the rights of *the parties*

to this litigation, the rights of all taxpayers having pending actions before the Director of Taxation, the Board of Tax Appeals or in the courts of this state challenging the validity of the tax on the date our decision herein is announced, but in all other cases it shall be applied prospectively. All taxes paid and received by the Department of Revenue pursuant to 79-3603 (p), *supra,* by taxpayers whose available remedies have been exhausted under K.S.A. 79-3610 prior to the date our decision herein is announced shall be retained by the Department of Revenue. All taxes assessed against taxpayers pursuant to 79-3603 (p), *supra,* for which tax warrants have been filed in accordance with K.S.A. 79-3617 (now K.S.A. 1976 Supp. 79-3617) and who do not have pending actions before the Director of Taxation, Board of Tax Appeals or the courts of this state challenging the validity of this tax prior to the date our decision herein is announced may be collected by the Department of Revenue. All other taxes collected pursuant to 79-3603 (p), *supra,* but not received by the Department of Revenue prior to the date our decision herein is announced, shall be refunded to the consumer."

We adhere to the original opinion in all other respects.