(580 P.2d 891)

No. 48,915

CITY OF JUNCTION CITY, *Appellee,* v. DELORES WHITE, *Appellant.*

Opinion filed June 30, 1978.

*John H. Taylor,* of Junction City, for the appellant.

*Michael P. McKone,* city attorney, for the appellee.

Before FOTH, C.J., MEYER and SWINEHART, JJ.

FOTH, C.J.: After her motion to dismiss was overruled appellant Delores White was convicted of soliciting for prostitution in violation of an ordinance of the City of Junction City. In an imaginative and well-written brief she contends that the ordinance unconstitutionally impinges on her right of privacy and is unconstitutionally vague. Despite the superficial plausibility of some of her arguments we cannot agree.

Her privacy argument is based primarily on three cases, *Griswold v. Connecticut,* 381 U.S. 479, 14 L.Ed.2d 510, 85 S.Ct. 1678 (1965); *Eisenstadt v. Baird,* 405 U.S. 438, 31 L.Ed.2d 349, 92 S.Ct. 1029 (1972); and *Roe v. Wade,* 410 U.S. 113, 35 L.Ed.2d 147, 93 S.Ct. 705 (1973). *Griswold* held that married couples could not be prohibited by law from purchasing contraceptives. The court there recognized for the first time a constitutional "right of privacy" covering their activities in the bedroom. *Eisenstadt* held that the Equal Protection clause extends the same right of access to contraceptives to unmarried persons. *Roe* decreed that under certain circumstances the choice of a woman to terminate a pregnancy is a personal choice which may not be regulated by the state. To this trio may be added *Stanley v. Georgia,* 394 U.S. 557, 22 L.Ed.2d 542, 89 S.Ct. 1243 (1969), holding that the right of privacy protects one who wishes to peruse obscene literature in his home.

No case suggests, however, that the right of privacy protects a prostitute when she solicits a stranger in a public place. Indeed, "privacy" is antithetical to the act of solicitation. While it may be possible for a prostitute to ply her trade in private once a cus-

tomer is acquired, the act of solicitation requires at least a modicum of public exposure. In this case we deal only with solicitation, and not with prostitution.

The answer to appellant's privacy argument is found in *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 37 L.Ed.2d 446, 93 S.Ct. 2628 (1973):

"A man may be entitled to read an obscene book in his room, or expose himself indecently there  .  .  .  .  We should protect his privacy. But if he demands a right to obtain the books and pictures he wants in the market, and to foregather in public places—discreet, if you will, but accessible to all—with others who share his tastes, *then to grant him his right is to affect the world about the rest of us, and to impinge on other privacies.* Even supposing that each of us can, if he wishes, effectively avert the eye and stop the ear (which, in truth, we cannot), what is commonly read and seen and heard and done intrudes upon us all, want it or not.  .  .  ." (p. 59. Emphasis in original.)

In that case the court held that the individual's right to view obscene material in his home did not extend any rights to the commercial purveyor of the same material because of the difference in the interests involved, noting:

"The protection afforded by *Stanley v. Georgia,* 394 U.S. 557 [22 L.Ed.2d 542, 89 S.Ct. 1243] (1969), is restricted to a place, the home. In contrast, the constitutionally protected privacy of family, marriage, motherhood, procreation, and child rearing is not just concerned with a particular place, but with a protected intimate relationship. Such protected privacy extends to the doctor's office, the hospital, the hotel room, or as otherwise required to safeguard the right to intimacy involved.  .  .  .  Obviously, there is no necessary or legitimate expectation of privacy which would extend to marital intercourse on a street corner or a theater stage." (413 U.S. at n. 13.)

We therefore hold that soliciting customers by a prostitute is not an activity which is constitutionally protected.

In her void-for-vagueness argument appellant notes that the ordinance prohibits the solicitation of "any other person for purposes of prostitution or any other illicit sexual act for hire." This, she says, is broad enough to cover the "solicitation" of a sexual encounter by even a "nice girl" or "lonely widow" in situations where payment takes the form of dinner and a night on the town. The result, it is argued, is selective enforcement in that police concentrate their attention on streetwalkers and call girls, while leaving nice girls and lonely widows alone.

The argument is more properly one of overbreadth rather than vagueness. Since appellant is concededly a professional she has no standing to challenge the ordinance as it might apply to

amateurs. *Cf, State v. Thompson,* 221 Kan. 165, Syl. §§ 4, 5, 558 P.2d 1079 (1976). To withstand a vagueness challenge a statute must convey "a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice." *State v. Kirby,* 222 Kan. 1, Syl. 1, 563 P.2d 408 (1977). The ordinance in question, supplemented by the prostitution ordinance, amply meets that test.*

Appellant makes additional arguments challenging the "compelling justification" for anti-prostitution ordinances in general. Compelling justification is only required where legislative control is exerted over constitutionally protected activities. We are satisfied that prohibiting prostitution is within the police power of the state, so that such arguments should be more appropriately addressed to the lawmakers.

The motion to dismiss was properly overruled.

Affirmed.

---

*The two ordinances are:

12-509—SOLICITING OR PROCURING. Any person who shall solicit, procure, entice, or induce any other person for purposes of prostitution or any other illicit sexual act for hire shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be punished as provided under the General Penalty section of this ordinance.

12-508—PROSTITUTION AND OTHER ILLICIT SEXUAL ACTS. Any person who shall engage in an act of sexual intercourse for hire or any other illicit sexual act for hire, or any person who shall persuade, entice, induce, procure, or assist in persuading, enticing, inducing, or procuring any other person to engage in an act of sexual intercourse for hire, or any person who shall persuade, entice, induce, procure, or assist in persuading, enticing, inducing, or procuring any other person to engage in any illicit sexual act for hire shall, upon conviction thereon, be deemed guilty of a misdemeanor and shall be punished as provided under the General Penalty section of this ordinance. Such illicit sexual acts shall include, but not be limited to, the following offenses: anal copulation, oral copulation, any fondling or touching of person done or submitted to with the intent to satisfy or arouse the sexual desire of person.