(648 P.2d 262)

No. 53,586

STATE OF KANSAS, *Appellee,* v. CURTIS L. DOILE, *Appellant.*

Petition for review denied October 29, 1982.

Opinion filed July 22, 1982.

*Stephen M. Joseph,* of Joseph, Robison & Anderson, of Wichita, for the appellant.

*Carl Wagner,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, for the appellee.

Before FOTH, C.J., REES and MEYER, JJ.

FOTH, C.J.: After trial to the court defendant was convicted of "unlawful use of weapons" in violation of K.S.A. 1980 Supp. 21-4201(1)(*d*), which proscribed:

"Carrying any pistol, revolver or other firearm concealed on the person except when on his or her land or in his or her abode or fixed place of business . . . ."

(The statute has since been amended in a minor way, basically to substitute "person's" for "his or her.") He appeals, challenging the constitutionality of the statutory subsection as an overbroad, oppressive and unreasonable exercise of the police power.

The facts are undisputed. In October, 1980, while a registered guest at a Wichita motel, defendant engaged in a verbal altercation with the motel's employees and manager. A pistol was observed in defendant's waistband, and the manager called the police. Upon their arrival they were steered to defendant in the manager's office. Asked where his weapon was, defendant said, "With me." a pat-down revealed a loaded .357 magnum under defendant's jacket, in his waistband near the small of his back. The present charge and conviction followed, with the appeal limited to the single issue of constitutionality, duly raised below and renewed here.

Defendant's basic contention is that the statute offers a citizen no practical way to transport a weapon lawfully from one place to another — a citizen brandishing an "unconcealed" pistol on the streets of Wichita while going from home to office, he says, would

soon draw the attention of the local constabulary. He relies heavily on *City of Junction City v. Mevis,* 226 Kan. 526, 601 P.2d 1145 (1979). Although we do not draw all the same conclusions from that case as does defendant, we agree it is almost dispositive of this appeal. At least it appears to confer standing on defendant to raise the constitutional issue even though he does not fall within the class of persons he claims is adversely affected by the claimed constitutional flaw.

Our analysis, however, starts with the earlier Junction City ordinance considered in *City of Junction City v. Lee,* 216 Kan. 495, 532 P.2d 1292 (1975). The ordinance then in question closely paralleled K.S.A. 21-4201 except that it contained a flat prohibition against carrying firearms on the person or in a vehicle, concealed or unconcealed. It made exceptions for, inter alia, hunters and fishermen and for carrying unloaded weapons to or from a gunsmith or dealer. Overall, the court noted, the ordinance imposed stricter controls over the possession of firearms than the statute. This feature of the ordinance was found unobjectionable, the court noting:

"Evaluation of the wisdom or necessity of the Junction City enactment of a weapons control ordinance more rigid than statutory law is not within our province, although the city fathers undoubtedly were aware of the fact that in situations where passions or tempers suddenly flare easy accessibility of weapons, whether carried openly or concealed, may contribute to an increased number of fatalities, and further that their own problem is rendered more acute by the presence of an adjoining military reservation from whence combat troops trained in the use of handguns and knives sometimes repair to the city during off-duty hours. In an earlier era the cowboy entering the Kansas cowtown was frequently required to deposit his gunbelt with the marshal." 216 Kan. at 501-2.

Implicit in this statement is a recognition of the amenability of weapon use to the general police power.

Four years later, when *Mevis* was decided, the court was looking at a significantly different Junction City ordinance. From our standpoint the most significant change was the deletion of the exemption for transportation to and from gunsmiths and dealers. It was still lawful to buy and sell guns, and to have them at home or at work, but there was in the court's view a flat prohibition against transporting them. As the court put it:

"The difficulty with the city ordinance in question here is that it clearly and unequivocally prohibits any non-exempt person within the city limits of Junction City from having in his possession a firearm, except when he is on his own land or

in his abode, fixed place of business or office. Anyone reading the ordinance could only conclude that, unless he fell within the category of exempted persons, *he could not lawfully transport a firearm from the place where he purchased it or had it repaired or between his office and his home* without being in violation of the ordinance. The fact that the Junction City police have taken the benign position that the ordinance should be enforced only against those who have no good reason to have a gun does not make the express language of Ordinance 12-410 any less unreasonable and oppressive. *We have no doubt that the governing body of the city of Junction City can enact a valid gun ordinance, thus correcting the infirmities now existing.* It is not up to the courts to engraft exceptions to legislative enactments which were not placed there by the legislative body which adopted the statute or ordinance." 226 Kan. at 535. Emphasis added.

The infirmity which the court found in the revised Junction City ordinance simply does not exist in the statute. The only thing the state prohibits is the carrying of a firearm "concealed on the person." If not "concealed" or not "on the person" transportation of a firearm is perfectly lawful so far as the state is concerned. While, as the *Lee* court remarked, the town marshal might require the cowboy to deposit his gunbelt, the State permits him to wear it so long as he does it openly.

The rationale of the State approach was suggested in *State v. Chiles,* 226 Kan. 140, 595 P.2d 1130 (1979). There an equal protection argument was lodged against K.S.A. 21-4204, prohibiting certain ex-felons from possessing guns with barrels less than twelve inches but permitting them to possess guns that are longer. The court responded:

"The appellant's contention that the distinction between firearms with a barrel length less than twelve inches from those with a barrel length more than twelve inches bears no rational relation to any state interest also lacks merit. In general the possession and use of dangerous weapons is a sufficient hazard to warrant prohibition except under special circumstances which may create justification. *People v. Musselman,* 69 Ill. App. 2d 454, 217 N.E.2d 420 (1966). *Statutes preventing concealed weapons, except under circumstances which give rise to justification, are aimed at keeping the public from going about secretly armed.* Inescapable is the idea of notice. If a man knows another man is armed he would behave differently in the event of an affray than if he did not." 226 Kan. at 142-3. Emphasis added.

The statute, in short, is aimed only at the weapon concealed on the person, a peril judicially recognized as a fit subject of special legislative attention.

Defendant envisions difficulty for the hypothetical "good citizen" in getting his weapon from one place to another. *Some* difficulty there may be, but there is not the absolute barrier found

fatal to the ordinance in *Mevis*. From house to car presents no problem; he will be at his "abode" for most if not all of the trip. While in the car there is no problem; the gun may lawfully be in the trunk, on the seat, under the seat, or in the glove compartment. It may be concealed so long as it is not "on the person." A short walk from car to gunsmith or business presents only a brief problem; while the gun must be visible it need not be carried in a manner which implies a threat of use. It is only the person who would walk several blocks down Main Street at high noon, gun in hand and finger on the trigger, who might attract some unwanted police attention. Even then, of course, there would be no violation of the law but only the inconvenience of explaining one's intentions. We are not prepared to say this potential for inconvenience outweighs the legislative interest in controlling concealed weapons or the strong presumption of constitutional validity of the statute, recognized in *Mevis* and countless other decisions.

Affirmed.