(683 P.2d 909)
No. 56,093

## In The Matter of The Appeal of R & R Janitor Service From A Decision of The Director of Taxation.

Petition for review denied September 6, 1984.

Opinion filed June 7, 1984.

*John L. Hampton,* of Hampton & Hampton, of Great Bend, for appellant, R & R Janitor Service.

*Cleo G. Murphy,* and *Nancy E. Freund,* of Topeka, for appellee Department of Revenue.

Before ABBOTT, P.J., MEYER, J., and RICHARD W. WAHL, District Judge assigned.

MEYER, J.: This is an appeal from a sales tax assessment levied against the appellant-taxpayer by the Director of Taxation.

Bonnie Arnold operates the R & R Janitor Service, a commercial cleaning service, in Great Bend, Kansas. She serves nine customers, performing various cleaning services such as vacuuming, dusting, cleaning bathrooms, washing windows, and emptying trash. In testimony before the Board of Tax Appeals, she emphasized what she does not do: no maintenance work, no repair work, no alterations, no remodeling, no appliance or

equipment service, and no light bulb changes. She operates a cleaning service.

In 1982 she was the subject of a Department of Revenue audit which resulted in a sales tax assessment pursuant to K.S.A. 1983 Supp. 79-3603(*q*) of $2,674.00 for July 1, 1978, through February 28, 1982. A proposed penalty was abated because nonpayment was unintentional. The assessment was upheld by the Director of Taxation and by the Board of Tax Appeals. Mrs. Arnold timely perfected her appeal to this court. K.S.A. 1983 Supp. 74-2426.

At issue herein is whether K.S.A. 1983 Supp. 79-3603(*q*) is vague and uncertain in its meaning or application and, therefore, unconstitutional, and, if it is not, then whether the interpretation of that statute by the Department of Revenue is erroneous.

The Department of Revenue determined that cleaning services constitute "servicing . . . or maintaining an item of tangible personal property which has been and is fastened to, connected with or built into real property" within the meaning of K.S.A. 1983 Supp. 79-3603(*q*), which provides:

"For the privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or furnishing any of the services taxable under this act, there is hereby levied and there shall be collected and paid a tax as follows:

. . . .

"(*q*) a tax at the rate of 3% upon the gross receipts received for the service of repairing, servicing, altering or maintaining tangible personal property which when such services are rendered is not being held for sale in the regular course of business, and whether or not any tangible personal property is transferred in connection therewith. The tax imposed by this subsection shall be applicable to the services of repairing, servicing, altering or maintaining an item of tangible personal property which has been and is fastened to, connected with or built into real property . . . ."

The taxpayer contended before the Board and on appeal that the statute is vague and uncertain in its meaning, or, in the alternative, that the Department of Revenue has gone beyond the meaning of the statute in its application. In Department of Revenue Ruling 19-78-4, the Department included janitorial services within the meaning of K.S.A. 79-3603(*q*).

"Advice has been requested concerning the application of the Kansas sales tax to services rendered in connection with the maintenance, servicing, alteration, or repair of real property. K.S.A. 79-3603(*q*) imposes a tax on the gross receipts received for repairing, servicing, altering, or maintaining tangible personal property whether or not it has been fastened to, connected with, or built into real

property. Therefore, all maintenance, alteration, or repair services are taxable under K.S.A. 79-3603($q$), if rendered in connection with components of real property where the components were tangible personal property prior to being fastened to, connected with, or built into real property.

"Most services performed upon real property are subject to the sales tax under the above section. For example, the service of cleaning a floor is taxable because it constitutes the servicing or maintaining of tangible personal property (the flooring material) which has been fastened to, connected with, or built into real property.

"The following are further examples of the service of repairing, servicing, altering, or maintaining which would be subject to sales tax under K.S.A. 79-3603($q$):

window washing
tree trimming
janitorial services
welding
exterminator's services
sand blasting
snow removal
drain cleaning services
septic tank cleaning
painting
brick and fireplace cleaning
demolition
swimming pool cleaning"

Attorney General Opinion No. 79-201 and a March 1981 opinion of the Board of Tax Appeals, *In the Matter of the Appeal of E & M Building Service From a Decision of the Director of Taxation,* Docket No. 4603-80-DT, also adopted the Department of Revenue position.

In *Leiker v. Employment Security Bd. of Review,* 8 Kan. App. 2d 379, 659 P.2d 236 (1983), this court reviewed well-established principles relating to review of a statute attacked on constitutional grounds.

" 'The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the Constitution.'

" 'In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it and, if there is any reasonable way to construe the statute as constitutionally valid, that should be done.' " 8 Kan. App. 2d at 384, quoting *City of Baxter Springs v. Bryant,* 226 Kan. 383, Syl. ¶¶ 1-2, 598 P.2d 1051 (1979).

In this case, however, because monetary fines and/or imprisonment may be imposed, K.S.A. 1983 Supp. 79-3615 (the statute prescribing penalties for violations of K.S.A. 1983 Supp. 79-3603)

is a penal statute subject to strict construction in favor of the person subjected to its operation. *State v. Zimmerman & Schmidt,* 233 Kan. 151, 155, 660 P.2d 960 (1983). This "simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.] The rule does not permit or justify a disregard of manifest legislative intention appearing from plain and unambiguous language. [Citation omitted.]" 233 Kan. at 155. See also *J. G. Masonry, Inc. v. Department of Revenue,* 235 Kan. 497, 680 P.2d 291 (1984); *Szoboszlay v. Glessner,* 233 Kan. 475, 477, 664 P.2d 1327 (1983).

An unconstitutionally vague statute "'either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 663, 562 P.2d 65, *modified* 221 Kan. 752, 564 P.2d 1280 (1977), quoting *Connally v. General Const. Co.,* 269 U.S. 385, 391, 70 L.Ed. 322, 46 S.Ct. 126 (1926). See also *Capital Services, Inc. v. Dahlinger Pontiac-Cadillac, Inc.,* 232 Kan. 419, 422, 657 P.2d 36 (1983); *Watkins v. Roach Cadillac, Inc.,* 7 Kan. App. 2d 8, Syl. ¶ 5, 637 P.2d 458 (1981). The court in *Kansas City Millwright* went on to state: "At its heart the test for vagueness is a commonsense determination of fundamental fairness." 221 Kan. at 663.

Both the Department of Revenue and the Attorney General have interpreted janitorial services as subject to sales tax under K.S.A. 1983 Supp. 79-3603(*q*). An administrative interpretation is entitled to great weight, *United Parcel Service, Inc. v. Armold,* 218 Kan. 102, Syl. ¶ 3, 542 P.2d 694 (1975); however, an attorney general's opinion occupies a somewhat lesser status. The court may cite it as persuasive authority, *Moore v. City of Lawrence,* 232 Kan. 353, 362, 654 P.2d 445 (1982), but if the opinion is without "authoritative legal support," it should not be followed. *Greenwood v. Estes, Savings & Loan Commissioner,* 210 Kan. 655, Syl. ¶ 3, 504 P.2d 206 (1972).

Legislative history cited by both the agency and the attorney general does not appear particularly helpful. In *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, the Supreme Court declared K.S.A. 1976 Supp. 79-3603(*p*) unconstitutionally vague.

That statute provided for:

"a tax at the rate of three percent (3%) upon the gross receipts received from the installation, maintenance, servicing and repairing of tangible personal property not held for sale in the regular course of business, whether or not any tangible personal property is transferred in conjunction therewith, except services rendered in installing property in connection with the original construction of a building or structure, which when installed will become a part of such building or structure . . . ."

The legislature subsequently amended the statute and added subsection (q). *Statement of Legislative History Re 1977 S.B. 49,* adopted by Senate Committee on Assessment and Taxation, April 29, 1977, provides in part:

"S.B. 49 addresses these problems in two ways. First, subsection (p) is amended to impose a tax solely on the service of *installing or applying* tangible personal property *whether or not such personal property remains personal property or becomes a part of real estate* (except when such property is installed in connection with the original construction of a building or facility). This language would, for instance, clearly make taxable charges for labor services performed in re-painting (applying paint to) a building. Previously this had been ruled exempt as a repair to real estate, whereas labor performed in re-plumbing a building was held taxable as installation of tangible personnal [sic] property.

"Secondly, there is added a new subsection (q), which imposes the tax on the service of *repairing, servicing, altering or maintaining tangible personal property per se, and* further makes the tax applicable to the services of repairing, servicing, altering or maintaining *an item of tangible personal property* which has been and is *fastened to, connected with or built into real property.* An alternative to the latter provision that was considered but rejected was inclusion of a lengthy list of articles for which services fo [sic] repairing, servicing, altering or maintaining would be taxable regardless of the extent of their connection with real property. The language adopted was felt to cover the same items without attempting to set out an all inclusive list from which any omission would be significant. The last sentence of subsection (q) was intended as an addition to and not a limitation on the first part of the subsection. The intent was to make it clear that personal property becoming a part of real estate retains its character as personalty for purposes of repair, servicing, alteration or maintenance.

"These revisions remove the basis for the earlier interpretation of legislative intent as being not to tax maintenance, servicing or repairing of real estate, since under them the tax on labor services would apply not only to work on fixtures but to work on any item of personal property that has become a part of real estate. For instance, labor services rendered in repairing roofing, siding, door frames, or other parts built into a house or other building would be taxable." (Emphasis in original.)

This legislative history relied on by the agency and the attorney general does not answer the question whether "servicing" or "maintaining" can reasonably be interpreted as synonymous

with "cleaning." It appears directed at the "fixtures" problem the court recognized in *Kansas City Millwright Co., Inc. v. Kalb*, 221 Kan. 658.

Reference to dictionary definitions of "servicing" or "maintaining" is not particularly helpful. *Webster's Third New International Dictionary* (1976) provides the following:

service: "to perform services for: meet the needs of: SERVE: as *a*: to repair or provide maintenance for." p. 2075.
maintain: "to keep in a state of repair, efficiency, or validity: preserve from failure or decline." p. 1362.

Only one Kansas case construing the word "maintain" appeared at all helpful. In *Bailey v. Kelly*, 70 Kan. 869, 79 Pac. 735 (1905), the Supreme Court held that appropriations to "maintain" the executive residence did not include the purchase of food.

Turning to other jurisdictions, we find that a requirement in an ordinance of a duty "to maintain" does not impose a duty of keeping syphons clean, since "to maintain" is to keep in repair or replace." *Denver v. City Cable Ry. Co.*, 22 Colo. 565, 569, 45 Pac. 439 (1896). Janitor work is not maintenance under a statute designating a fund for " 'purchasing, constructing, repairing and maintaining buildings for public school purposes'; maintenance meaning holding, keeping, or preserving them in their existing state or condition." *Orleans Parish School Board v. Murphy*, 156 La. 925, Syl. ¶ 2, 101 So. 268 (1924). See also *Liter v. City of Baton Rouge*, 258 La. 175, 245 So. 2d 398 (1971). The Nevada court held provisions in a contract for "repair and maintenance" did not require parties to keep alleys clean, but did require keeping the alleys' surfaces in their original condition. *Scapecchi v. Harold's Club*, 78 Nev. 290, 371 P.2d 815 (1962), citing *Denver v. City Cable Ry. Co.*, 22 Colo. 565.

The presumption of constitutionality, coupled with the Department of Revenue's consistent interpretation of the statute, provide strong reasons for upholding the imposition of tax in this case. We note that in *J. G. Masonry, Inc. v. Department of Revenue*, 235 Kan. 497, our Supreme Court upheld the constitutionality of K.S.A. 1978 Supp. 79-3603($p$). We are here concerned with K.S.A. 1983 Supp. 79-3603($q$). However, we have determined that the various amendments to the statute in question have not changed its substance insofar as this case is concerned.

Thus, we conclude that K.S.A. 1983 Supp. 79-3603($q$) is not vague, and is therefore constitutional. However, we hold that the Department's interpretation of K.S.A. 1983 Supp. 79-3603($q$) is erroneous; cleaning services do not constitute "servicing . . . or maintaining an item of tangible personal property which has been and is fastened to, connected with or built into real property" within the meaning of that statute.

Reversed.