No. 76,097

BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, *et al.*, *Appellants,* v. MCGRAW FERTILIZER SERVICE, INC., *Appellee,.* and BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, *et al.*, *Appellants,* v. GEIGER READY-MIX CO., INC., *Appellee.*

941 P.2d 1388

Filed July 11, 1997. (For original opinion see *Board of Leavenworth County Comm'rs v. McGraw Fertilizer Serv., Inc.*, 261 Kan. 901, 933 P.2d 698 [1997].)

*William E. Waters*, of Division of Property Valuation, Kansas Department of Revenue, argued the cause and was on the briefs for appellant Director of Property Valuation.

*Carol B. Bonebrake*, of Cosgrove, Webb & Oman, of Topeka, argued the cause and was on the brief for appellee McGraw Fertilizer Service, Inc.

*Linda A. Terrill*, of Neill, Scott, Terrill & Embree, L.L.C., of Lenexa, argued the cause and was on the brief for appellee Geiger Ready Mix Co., Inc.

*Per Curiam*: Our original opinion in this case was filed March 7, 1997. We granted the motion for rehearing filed on March 27, 1997, by the Director of Property Valuation (DPV) and scheduled the case for a second oral argument on April 18, 1997.

Our order granting rehearing said in part:

"The appellant [DPV] should be prepared to address the effect of the court's holding in this case on the administration of tax laws in the state and whether the holding in *Kansas City Millwright Co., Inc. v. Kalb*, 221 Kan. 658, 562 P.2d 65, *op. as modified* 221 Kan. 752, 564 P.2d 1280 (1977), should be followed and applied prospectively in this action."

The DPV requests that we stay the effective date of our opinion until January 1, 1998. We decline to do so. We modify our opinion, however, by addressing its prospective application.

In our original opinion, we decided that for the purposes of ad valorem taxation, the valuation standard "retail cost when new" contained in art. 11, § 1(b) of the Kansas Constitution never in-

cludes sales tax and does not always include the addition of freight and installation charges to the purchase price of an item. 261 Kan. 901, Syl. ¶ 9.

Our opinion shall control the rights of the parties to this litigation and the rights of all taxpayers who have, as of March 7, 1997, an appeal or protest pending challenging the validity of the ad valorem tax imposed on either sales tax, freight, or installation charges added to the purchase price of an item of personal property. In all other cases the opinion shall be applied prospectively from March 7, 1997, the date of the filing of our original opinion.

We adhere to the original opinion in all other respects.