Nos. 78,820
78,821

STATE OF KANSAS, *Appellant*, v. MARYL McAFFRY and JERRY W. TUGGLE, *Appellees*.
(949 P.2d 1137)

Opinion filed December 12, 1997.

*Amelia J. McIntyre*, of Kansas Department of Wildlife and Parks, argued the cause, and *John S. Sutherland*, county attorney, was with her on the briefs for appellant.

*Jesse T. Randall*, of Mound City, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

ABBOTT, J.: The State appeals from the trial court's decision holding K.S.A. 32-1003(g) is unconstitutionally overbroad. K.S.A. 32-1003(g) was amended in 1997, and there are no other cases pending at any level in the court system involving this version of K.S.A. 32-1003(g).

Defendants Maryl McAffry and Jerry Tuggle were charged with violating K.S.A. 32-1003(g), which provides:

"It is unlawful for any person, unless authorized by law or rules and regulations of the secretary, to:

"(g) throw or cast the rays of a spotlight, headlight or other artificial light on any highway, roadway, field, grassland, woodland or forest for the purpose of spotting, locating or taking any animal while having in possession or control, either singly or as one of a group of persons, any rifle, pistol, shotgun, bow or other implement whereby wildlife could be taken."

During oral argument, the defense counsel specifically argued that the general use of the term "animal" in K.S.A. 32-1003(g) made the statute unconstitutional because it did not clarify what conduct was prohibited and what conduct was acceptable. According to the defense counsel, the defendants could have been engaging in the constitutionally protected right of protecting their property (cows) from coyotes by casting a spotlight on a field for the purpose of locating their cows (which are "animals") while in the possession of a gun. Since this constitutionally protected conduct is prohibited by K.S.A. 32-1003(g), the defense counsel claimed that the statute was overbroad.

In response, the State claimed that the statute was constitutional. The State's counsel argued:

"We certainly don't think it's unconstitutional. It's—the word 'animals' within the—within the statute, itself. There's no limitation on what those animals might be. I think it's generally up to the good conscience of the officers who are investigating; and it'd certainly be their testimony if they had any indication that the Defendants were just looking for cattle, there would be no interference whatsoever."

In holding K.S.A. 32-1003(g) unconstitutional, the trial judge said:

"[O]ne of the . . . threshold issues that I have as to whether or not a statute is constitutional or not is whether or not the statute . . ., because of the way it is worded, would be subject to unequal enforcement between different persons. And if the statute says any animal, last time I knew, cattle were animals . . . . [W]hat concerns me is your argument saying that we . . . leave it up to the good discretion of the law enforcement officers to decide whether or not they're doing something illegal or not. That's the whole point. Statutes are supposed to be abundantly clear so that we don't leave it up to the discretion of law enforcement

to determine whether or not someone else has committed a crime. That person needs to know that they've committed a crime.

"The interesting thing is I think the statute is not ambiguous. It's clear. But unfortunately, the way it is worded, it would suggest to me that it literally would be illegal for me to shine a spotlight on one of my dogs in my back yard from a vehicle that I have a weapon in."

Several principles of law are applicable to this case. Interpretation of a statute is a question of law, and this court's review is unlimited. *State v. Arculeo*, 261 Kan. 286, Syl. ¶ 1, 933 P.2d 122 (1997). Criminal statutes are to be construed strictly against the State. *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d 684 (1997). "When construing a statute, a court should give words in common usage their natural and ordinary meaning." *Galindo v. City of Coffeyville*, 256 Kan. 455, Syl. ¶ 5, 885 P.2d 1246 (1994). Statutory language "is not to be narrowly or technically construed, but its language should be interpreted to mean what the words imply to persons of common understanding. Words in common usage are to be given their natural and ordinary meaning in arriving at a proper construction." *Board of Leavenworth County Comm'rs v. McGraw Fertilizer Serv., Inc.*, 261 Kan. 901, Syl. ¶ 2, 933 P.2d 698 (1997), *modified on rehearing on other grounds* 261 Kan. 1082, 941 P.2d 1388 (1997). The term "animal" is a word in common usage and its natural and ordinary meaning refers to a member of the animal kingdom, including cows. To the common man on the street, the term "animal" includes livestock animals, and is not limited merely to wild animals.

The State argues the legislature intended "animal" to mean "wildlife." The problem with that argument is twofold. First, the legislature uses the term "wildlife" in K.S.A. 32-1002, K.S.A. 32-1003, K.S.A. 32-1004, and K.S.A. 32-1005 a total of 28 times. The legislature also defined the term "wildlife" in K.S.A. 32-701(u). Thus, an average person could conclude the legislature intended by its use of the word "animal" in K.S.A. 32-1003(g) to mean something other than wildlife.

Second, the legislature's intent in using certain language, and the different methods utilized to determine legislative intent, are not as important in criminal statutes as how the average person

would read and understand the language of the statute. This is because a criminal statute needs to be clearly written so a person knows what conduct is prohibited and what conduct is not prohibited from the statutory language without having to research, and determine at a person's peril, what the legislature intended.

Based on these canons of statutory construction, we are satisfied that K.S.A. 32-1003(g) is unconstitutional as an unlawful application of the State's police power. See *Hearn v. City of Overland Park*, 244 Kan. 638, 772 P.2d 758, *cert. denied* 493 U.S. 976 (1989); *City of Junction City v. Mevis*, 226 Kan. 526, 601 P.2d 1145 (1979).

The judgment is affirmed.

LOCKETT, J., not participating.

RICHARD W. WAHL, Senior Judge, assigned